IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL JAMES NOLAN, # 09185-030, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 13-cv-895-JPG |
| LESLIE DUNCAN (a/k/a LESLEE BROOKS), AMAR SAWAR, DAVID SZOKE, PAUL HARVEY, and MICHAEL WINKLEMEIER, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the United States Penitentiary in Marion ("Marion"), brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff claims that Defendants have been deliberately indifferent to his serious medical condition.

In his complaint, Plaintiff states that since he arrived at Marion in January 2009, he has suffered from constant and debilitating pain on the left side of his chest, arm, and groin area (Doc. 1, pp. 1, 5). He has been sent outside the prison for medical evaluation, and was diagnosed with Carpal Tunnel Syndrome and Raynaud's Disease (Doc. 1, p. 8). The outside specialist

(Defendant Sawar) recommended certain treatment, but Defendant Duncan (a/k/a Brooks),[1] the physician's assistant who is in charge of Plaintiff's care, has failed to provide him with the recommended treatment. Plaintiff asserts that no prison health care provider has taken any action to alleviate his pain (Doc. 1, p. 5), which is so severe that he can no longer work and has had to drop out of some of his classes (Doc. 1, p. 8).

In the documents attached to his complaint, Plaintiff states that he saw Defendant Sawar (a private neurologist/rheumatologist on contract with the prison) on March 6, 2013 (Doc. 1, p. 7). Defendant Sawar prescribed medication and gloves, but these prescribed treatments were never given to Plaintiff. At some point he was given a prescribed splint, but that item was later "taken away by Health Services" (Doc. 1, p. 8).

As to Defendant Sawar, Plaintiff also asserts that this doctor has incorrectly diagnosed his condition and provided him with medications for conditions he does not have, "which could have dangerous effects" (Doc. 1, p. 5). Plaintiff concludes that these actions constitute medical malpractice.

Plaintiff also attaches copies of his Request for Administrative Remedy, the responses, and his appeals. One response states that Plaintiff's medication was discontinued because he complained about the side effects, that he missed a medical appointment, and that he has been scheduled for a surgical consult (Doc. 1, p. 12, dated April 2, 2013). However, Plaintiff claims he has never complained of side effects or missed an appointment (Doc. 1, p. 9). A later response states Plaintiff was non-compliant with wearing the splint (Doc. 1, p. 10, dated April 30, 2013), which Plaintiff also denies (Doc. 1, p.8).

As relief, Plaintiff seeks an order requiring prison officials to provide him with treatment

---

[1] Plaintiff submitted a motion (Doc. 4) to change/correct the name of this Defendant, from Leslie Duncan (as she was identified in the complaint) to Leslee Brooks. This motion shall be granted, and the Court shall refer to this Defendant in this Order as Leslee Brooks.

to alleviate his pain (Doc. 1, p. 6).  He also seeks monetary damages.

**<u>Merits Review Pursuant to 28 U.S.C. § 1915A</u>**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Leslee Brooks for deliberate indifference to his serious medical needs, for the claim that she failed to provide Plaintiff with prescribed medication or any treatment to alleviate his pain **(Count 1)**.  However, Plaintiff has failed to state a constitutional claim upon which relief may be granted against any of the other named Defendants.

In addition, because Plaintiff is seeking injunctive relief, Defendant David Szoke (Clinical Director for Health Services at Marion) shall remain in the action.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).  As shall be explained below, however, Plaintiff has failed to state a substantive claim against Defendant Szoke for deliberate indifference to his medical needs.  Defendant Szoke shall continue as a party at this time, because it appears he would be responsible for compliance with an injunction regarding Plaintiff's medical care, if Plaintiff prevails on his claim.

**<u>Dismissal of Count 2 – Failure to Provide Splint</u>**

Plaintiff's allegation that he was given a splint pursuant to a prescription, but that it was later taken away from him, may state a claim for deliberate indifference to a serious medical need.  However, Plaintiff failed to specify which named Defendant took the splint.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Plaintiff says only that "Health Services" took his splint. Three of the named Defendants (Brooks, Szoke, and Winklemeier) are Marion health care providers, but it is impossible to discern from the complaint which of these individuals was responsible for confiscating Plaintiff's splint. This portion of the claim shall therefore be dismissed without prejudice.

**Dismissal of Defendants Harvey and Winklemeier**

Plaintiff lists Defendants Harvey and Winklemeier among the named Defendants (Doc. 1, p. 2), but never mentions them again in the remainder of his complaint, either in the statement of claim or in any of the attached documents. The same is true for Defendant Szoke.

A plaintiff is required to associate specific defendants with specific claims, in order to put the defendants on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Plaintiff did not include Defendants Harvey, Winklemeier, or Szoke in his statement of claim, nor has he described any action or inaction by them which might suggest they were deliberately indifferent to his medical needs. Thus, he has not adequately stated claims against these individuals, or put them on notice of any claims that he may have against them. His only reference to them is a sweeping allegation that the "[a]dditional defendants" he lists "are each in violation of the Eighth Amendment . . ." (Doc. 1, p. 5). This statement, however, is merely a legal conclusion which does not suffice to state a claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). In order for a complaint to survive § 1915A review, it must include "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).

Finally, these Defendants cannot be held liable for deliberate indifference merely because they may have had supervisory authority over Defendant Brooks or any other prison medical provider. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Thus, a plaintiff in a civil rights case may only proceed against a defendant who is "personally responsible for the deprivation of a constitutional right." *Id.*

For these reasons, Defendants Harvey and Winklemeier will be dismissed from this action without prejudice. Likewise, the substantive claims against Defendant Szoke are dismissed without prejudice; he shall remain in the action only to carry out any injunctive relief which may be ordered.

**Dismissal of Defendant Sawar**

Plaintiff's only allegations of misconduct against Defendant Sawar, the outside consulting doctor, are that he incorrectly diagnosed Plaintiff's condition and prescribed

inappropriate medication (Doc. 1, p. 5). Even if these actions were to amount to medical malpractice (as Plaintiff claims), such wrongdoing does not violate Plaintiff's constitutional rights. The Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Duckworth v. Ahmad*, 532 F.3d 675, 681 (7th Cir. 2008) (failure to rule out cancer immediately in light of persistent bloody urine may have been malpractice but was not deliberate indifference).

"A prisoner's claim for deliberate indifference must establish (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). Nothing in Plaintiff's complaint indicates that Defendant Sawar was deliberately indifferent to a risk of harm to Plaintiff from his medical condition. Instead, Plaintiff says that Defendant Sawar recommended treatment for him and prescribed medications. These actions demonstrate that Defendant Sawar took "reasonable measures to meet a substantial risk of serious harm," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997), which is all that is required to pass constitutional muster. Indeed, part of Plaintiff's claim in Count 1 against Defendant Brooks is that she failed to give him the treatment that Defendant Sawar recommended.

Plaintiff fails to state a constitutional claim against Defendant Sawar upon which relief may be granted. Therefore, he shall be dismissed from the action with prejudice.

**Pending Motions**

Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2), and has submitted an affidavit stating that he has received only minimal income for the last twelve months, and has no assets or cash on hand. Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee. Accordingly, Plaintiff's motion to proceed IFP (Doc. 2) is **GRANTED**.

However, Plaintiff has failed to provide the complete prisoner trust fund account information as required by the PLRA to determine the amount of his initial partial payment. Pursuant to 28 U.S.C. § 1915(b)(1), the Court must review the prisoner trust fund account statement for the 6 month period immediately preceding the filing of this action. **IT IS THEREFORE ORDERED** that Plaintiff shall provide the Clerk of Court with the attached certification completed by the Trust Fund Officer at the facility and a copy of his trust fund account statement (or institutional equivalent) for the period from February 28, 2013, to August 28, 2013, no later than **January 6**, **2014** (45 days from the date of this order). Failure to do so will result in dismissal of this action for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

The Clerk is **DIRECTED** to mail a copy of this Order and the certification form to the Trust Fund Officer at USP-Marion.

Plaintiff's motion to substitute party (Doc. 4) seeks to correct the name of Defendant Leslie Duncan to Leslee Brooks. This motion is **GRANTED.** The Clerk is **DIRECTED** to make this correction to the docket sheet.

**Disposition**

COUNT 2 is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **HARVEY** and **WINKLEMEIER** are **DISMISSED** from this action without prejudice. Defendant **SAWAR** is **DISMISSED** from the action with prejudice.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **BROOKS** and **SZOKE;** the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants **BROOKS** and **SZOKE** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 22, 2013**

               *s/ J. Phil Gilbert*
               United States District Judge